JOHN C. EDLER *vs.* ARCHIBALD THOMPSON.

Nonjoinder of a defendant in an action of contract must be pleaded in abatement.

ACTION OF CONTRACT for work and labor. Answer, a denial of the services, and payment.

At the trial in the court of common pleas in Bristol, the defendant testified that the plaintiff's claim was for services rendered to the firm of Thompson & Company, consisting of the defendant and another; and objected that if the services were rendered to Thompson & Company, the plaintiff could not recover against this defendant alone, because the writ and declaration were against him individually, and it did not appear from the record that the plaintiff intended to present a claim against any one else. But *Briggs,* J. overruled the objection.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which were argued in writing.

*J. Daggett,* for the defendant. Where it appears from the record that other defendants should have been joined, such nonjoinder must be pleaded in abatement; but when it first appears by the evidence at the trial, it may be taken advantage of under the general issue. Story Pl. 20, and cases cited. *Ruggles* v. *Patten,* 8 Mass. 480. *Barstow* v. *Fossett,* 11 Mass. 250. *Sumner* v. *Tileston,* 4 Pick. 308.

*J. B. Sanford,* for the plaintiff. Nonjoinder of a defendant in an action can be taken advantage of by a plea in abatement only. *Hart* v. *Fitzgerald,* 2 Mass. 509. *Baker* v. *Jewell,* 6 Mass. 460. *Converse* v. *Symmes,* 10 Mass. 377. *Thompson* v. *Hoskins,* 11 Mass. 419. Rev. Sts. *c.* 100, § 1. Here the defendant has not pleaded it at all.

HOAR, J. That in an action of contract the defence of nonjoinder of a defendant can only be made available by a plea in abatement, has been too often decided in this commonwealth to be an open question. *Exceptions overruled, with double costs.*